IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAFAEL RUBI, § | |
| #57637-177, § | |
|     Movant, § | |
| § | CIVIL NO. 3:24-CV-2055-K |
| v. § | (CRIMINAL NO. 3:18-CR-432-K-2) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Movant Rafael Rubi's *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 12, 2024 (Dkt. No. 1). Based on the relevant filings and applicable law, the motion is **DISMISSED** with prejudice as barred by the statute of limitations.

### I. BACKGROUND

After first being charged in a multi-count indictment with two others, Rubi pled guilty under a plea agreement to a superseding information charging him with one count of possession with intent to distribute a controlled substance and aiding and abetting, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm and ammunition by a convicted felon. *See* Crim. Dkt. Nos. 1, 93, 96, 100. By judgment dated January 29, 2020, the Court sentenced him to a total term of 204 months' imprisonment, to run concurrently with any sentences imposed in three pending state cases and to be followed by three years of supervised release. *See* Crim. Dkt. No. 124. On June 9, 2020, the United

States Court of Appeals for the Fifth Circuit dismissed Rubi's appeal based on his motion to withdraw his appeal. *See* Crim. Dkt. No. 138.

On August 12, 2024, the Court received Rubi's motion to vacate his sentence under 28 U.S.C. § 2255. *See* Dkt. No. 1. In it, Rubi contends that his trial counsel rendered ineffective assistance and that he is actually innocent of his two firearms convictions. *See id.* at 7. Because the Section 2255 motion appeared untimely, the Court ordered Rubi to respond regarding the application of the one-year limitations period no later than September 11, 2024. *See* Dkt. No. 3. Rubi failed to respond to the order and has not filed anything else in this action or in his underlying criminal case.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

>   newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Under § 2255(f)(1) and consistent with the weight of authority on the issue, Rubi's conviction became final on June 9, 2020, when the Fifth Circuit dismissed his appeal pursuant to his motion to withdraw same.  *See Silva v. United States*, No. 3:21-cv-00044-B (BT), 2022 WL 17069155, at *2 (N.D. Tex. Nov. 2, 2022) (discussing finality of a conviction for purposes of Section 2255 when a defendant's motion to dismiss his appeal is granted and citing cases), *rec. adopted*, 2022 WL 17069568 (N.D. Tex. Nov. 17, 2022).  If the Court were to assume that Rubi's conviction did not become final until the expiration of the 90-day period to file a petition of certiorari with the Supreme Court after the Fifth Circuit dismissed his appeal, the conviction would have become final on September 8, 2020 for purposes of Section 2255(f)(1).  *See, e.g., Clay v. United States*, 537 U.S. 522, 527 (2003).

Rubi does not allege that government action prevented him from filing a Section 2255 motion earlier, and although he states that "it has been held that felon in possession i[s] unconstitutional as it violates the second amendment," he fails to identify any case so holding, much less its date or that such holding involved a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Dkt. No. 1 at 7; *see also* 28 U.S.C. §§ 2255(f)(2), (3).

The facts supporting Rubi's claims that his counsel was ineffective and that two of his convictions are unconstitutional became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, June 9, 2020—or no later than September 8, 2020, if Rubi had the benefit of the 90-day period to file a certiorari petition after the voluntary dismissal of his appeal. In any event, Rubi filed his Section 2255 motion approximately four years later, so it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

A.  **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S.

631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show entitlement to equitable tolling. *See, e.g., Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Rubi has not provided any basis for equitably tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is untimely.

### B. Actual Innocence

Rubi appears to contend that he is actually innocent of his two firearms convictions because he "was never found in possession of a firearm and therefore . . . should never have been convicted of the charge," "felon in possession i[s] unconstitutional as it violates the second amendment," the Government "failed to prove that a firearm moved forward the crime," and the "mere presence" of a firearm was insufficient to support a conviction under 18 U.S.C. § 924(c). Dkt. No. 1 at 7.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court determined that the one-year statute of limitations for Section 2255 motions can be overcome by a showing of actual innocence. A credible claim of actual innocence to excuse the untimeliness of a habeas petition "must be supported by 'new reliable evidence—

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). It must persuade a district court that it is more likely than not that no reasonable fact-finder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Id.* (citing *McQuiggin*, 569 U.S. at 386). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, 4:13-CV-875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Rubi's actual innocence claim fails.

As the Court has explained, to the extent Rubi alleges actual innocence because "felon in possession i[s] unconstitutional," he fails to identify any binding authority rendering unconstitutional the statutory provisions under which he was convicted. Dkt. No. 1 at 7. He therefore fails to show that he is actually innocent on this basis. Regarding his remaining arguments that he is actually innocent because he was not found in possession of a firearm, the Government did not prove that a firearm

furthered a drug trafficking crime, and that the mere presence of a firearm was insufficient to support a Section 924(c) conviction, a claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Rubi's allegations merely challenge and dispute the legal sufficiency of the Government's case and the evidence against him. As such, they fail to establish Rubi's factual innocence of the challenged offenses.

Accordingly, even if *McQuiggin* applies to guilty plea cases, Rubi has failed to support his gateway claim of actual innocence with new evidence and to show that it was more likely than not, in light of such new evidence, that no reasonable fact-finder would have found him guilty beyond a reasonable doubt. He is not entitled to the actual-innocence exception to the statute of limitations, and his Section 2255 motion is time-barred.

### III.  CONCLUSION

For the aforementioned reasons, Rubi's *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 12, 2024 (Dkt. No. 1), is **DISMISSED** with prejudice as barred by the statute of limitations.

SO ORDERED.

Signed March 12th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE